# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DUANE RANGE,

    Plaintiff,

Civil Action No. 17-11245
Honorable Arthur J. Tarnow
Magistrate Judge David R. Grand

v.

MICHAEL EAGAN, *et. al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT IN PART WITHOUT PREJUDICE FOR FAILURE TO TIMELY EFFECUTATE SERVICE

### I. REPORT

#### A. Procedural History

On April 20, 2017, Plaintiff Duane Range ("Plaintiff") filed a complaint against two groups of defendants: (1) Michael Eagan, the Michigan Parole Board, Heidi Washington, the Michigan Department of Corrections, Sara Flesher, and Sherry Underwood (collectively the "State Defendants"); and (2) CPI, Inc., Scott Montgomery, Matthew Buryta, John Knapka, and Kyle Foley (collectively the "CPI Defendants"). (Doc. #1). Summonses were issued to Plaintiff on April 24, 2017. (Doc. #3). More than 90 days elapsed after Plaintiff's complaint was filed and summonses were issued, but no proof of service was filed showing proper service of the summons and complaint on any of the State Defendants. Moreover, none of the State Defendants have filed a responsive pleading or otherwise appeared in the action.

Accordingly, on October 26, 2017, this Court issued an Order to Show Cause, requiring Plaintiff to show cause, in writing, on or before November 9, 2017, why this action should not be dismissed, without prejudice, as against the State Defendants, because of his failure to timely

serve them within 90 days of filing his complaint, as required by Fed. R. Civ. P. 4(m). (Doc. #18). Despite issuance of that Order, and despite being put on notice by both the CPI Defendants and the Court at an October 31, 2017 motion hearing, that there is no indication that the State Defendants have been properly served, Plaintiff has not responded to the Court's Order to Show Cause, nor has he taken other steps to provide the Court with evidence that the State Defendants were properly served.

### B. Analysis

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

Well more than 90 days have elapsed since Plaintiff commenced this action. Despite being issued an Order to Show Cause, Plaintiff has failed to provide any explanation – let alone good cause – for his failure to timely and properly serve the State Defendants. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Plaintiff's complaint be dismissed without prejudice as against the State Defendants. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

## II. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint be

**DISMISSED IN PART WITHOUT PREJUDICE**, as against the State Defendants – **Michael Eagan, the Michigan Parole Board, Heidi Washington, the Michigan Department of Corrections, Sara Flesher, and Sherry Underwood** – pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: November 15, 2017　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2017.

                                                       s/Eddrey O. Butts
                                                       EDDREY O. BUTTS
                                                       Case Manager