UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE RANGE,

       Plaintiff,                                      Civil Action No. 17-11245
                                                    Honorable Arthur J. Tarnow
v.                                                Magistrate Judge David R. Grand

MICHAEL EAGAN, *et al.*,

       Defendants.
_____/

## **REPORT AND RECOMMENDATION TO**
## **GRANT THE CPI DEFENDANTS' MOTION TO DISMISS [9]**

On April 20, 2017, Plaintiff Duane Range ("Range") filed a civil rights complaint against, *inter alia*, CPI, Inc., and four of its employees: Scott Montgomery, Matthew Buryta, Greg Konopka,[1] and Kyle Foley (collectively the "CPI Defendants").[2] (Doc. #1).

On August 22, 2017, the CPI Defendants filed a motion to dismiss Range's complaint. (Doc. #9). Range filed a response to this motion on September 19, 2017 (Doc. #12), and the CPI Defendants filed a reply on October 3, 2017 (Doc. #17). Additionally, Range filed a motion for leave to amend his complaint on September 19, 2017. (Doc. #13). The CPI Defendants filed a response to this motion on October 3, 2017 (Doc. #16), and no reply was filed.

On August 24, 2017, an Order of Reference was entered, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #11). This Court heard oral argument on

---

[1] Greg Konopka was incorrectly named as "John Knapka" in the complaint.

[2] Also named as defendants in Range's complaint were Michael Eagan, the Michigan Parole Board, Heidi Washington, the Michigan Department of Corrections, Sara Flesher, and Sherry Underwood (collectively the "State Defendants"). (Doc. #1). On November 15, 2017, this Court issued a Report and Recommendation ("R&R") recommending that Range's complaint be dismissed without prejudice as to the State Defendants for failure to timely effectuate service. (Doc. #20). Range filed objections to the R&R (Doc. #21), which remain pending before the District Court.

the CPI Defendants' motion to dismiss, as well as Range's motion for leave to amend, on October 31, 2017.

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the CPI Defendants' Motion to Dismiss (**Doc. #9**) be **GRANTED**.

## II.   REPORT

### A.   Factual Background

Range is an inmate of the Michigan Department of Corrections ("MDOC"), and is currently housed at the G. Robert Cotton Correctional Facility in Jackson, Michigan. In his civil rights complaint, brought pursuant to 42 U.S.C. § 1983, Range alleges that, while at the Detroit Reentry Center ("DRC"), as a condition of his parole, he was wrongfully forced by the Michigan Parole Board to participate in a religiously-based substance abuse program operated by CPI, a private company, and its employees, Scott Montgomery, John Buryta, Greg Konopka, and Kyle Foley. (Doc. #1 at ¶¶ 4-5).

More specifically, Range alleges that Montgomery, Buryta, and Konopka "demanded that [he] read, memorize and repeat religious doctrine that is contrary to [his] religious beliefs as a Jehovah's Witness." (*Id.* at ¶ 5). According to Range, when he "stated his religious objections to the doctrines espoused" by the defendants, "he was told that his religious beliefs did not matter and that he had to abide by the requirements of the program …." (*Id.* at ¶ 6). Indeed, Range alleges he was ordered to "adopt the religious position espoused by CPI, Inc. or be punished." (*Id.*). Range further claims that Montgomery and Buryta wrongfully accused him of trying to stir up dissension among fellow parolees, and forced him to sign a document stating that he would memorize the "false religious statements" for repetition. (*Id.* at ¶ 7).

Range alleges that he verbally resigned from the program and subsequently presented a

2

written letter of resignation. (*Id.* at ¶ 11). According to Range, the State Defendants found that his "objections to the program's religious indoctrination constituted misconduct, and ruled that the failure to complete the CPI program constituted a parole violation." (*Id.* at ¶ 13). Range alleges that, as a result of the defendants' actions, he has "suffered various harms, including an unjustified finding of parole violation, 18 extra months of imprisonment, and unjustified infringement on his religious beliefs." (*Id.* at ¶ 25). Range seeks millions of dollars in damages. (*Id.* at ¶ 26).[3]

### B. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion

---

[3] On June 6, 2017, this case was reassigned to the Honorable Arthur J. Tarnow as a companion case to Civil Action No. 17-cv-11242, a habeas action filed by Range on the same day as his civil rights action. (Doc. #4). Range's habeas petition is virtually identical to the instant civil rights complaint; however, instead of seeking damages in the habeas action, Range's petition alleges that, by maintaining a policy that "refusing to repeat religiously-based statements constitutes misconduct and a parole violation, [Range] is being unconstitutionally kept from parole." *See Range v. Brewer*, No. 17-11242, Doc. #1 at ¶ 15. On May 1, 2017, Judge Tarnow dismissed Range's habeas petition *sua sponte* without prejudice because Range had not exhausted his habeas claims in state court before seeking federal court review. *See Range v. Brewer*, No. 17-11242, Doc. #4.

of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**C.     Analysis**

In their motion, the CPI Defendants argue that Range's § 1983 action should be dismissed because Range failed to plead sufficient facts to establish that CPI and/or its employees acted under color of state law.[4] (Doc. #9 at 18-23). The Court agrees.

To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014).

---

[4] The CPI Defendants also argue that dismissal is warranted (1) because Range failed to allege personal involvement by the CPI Defendants in the alleged decision to require him to participate in a religiously-based substance abuse program or to violate his parole for failing to do so; and (2) because the claims Range asserts are, in substance, habeas claims, not civil rights claims, and are not cognizable under § 1983. (Doc. #9 at 11-18, 24-27). Because the Court is recommending dismissal on other grounds, however, it declines to address the merits of these arguments.

4

Thus, state action is an essential element of any § 1983 claim against any defendant. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

As Range acknowledges in his complaint, CPI is a private company that was contracted to provide substance abuse counseling to parolees at the DRC. (Doc. #1 at ¶ 4). Courts have recognized that, under some limited circumstances, a private party may be held liable under § 1983; however, in order to impose such liability, the private defendant's conduct "must be fairly attributable to the state." *Kenny v. Bartman*, 2017 WL 3613061, at *3 (6th Cir. May 19, 2017) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit recognizes three tests for determining whether a private actor can be held liable under § 1983: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship (or nexus) test. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Here, Range argues that the CPI Defendants' actions were fairly attributable to the state under the public function and nexus tests.

In order for the public function test to be satisfied, the plaintiff must show that the private actor was performing a function "traditionally exclusively reserved to the state." *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). This test is "interpreted narrowly and is rarely applied." *Reed v. Neiheisel*, 2015 WL 4249130, at *3 (W.D. Mich. July 13, 2015) (citing *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014) and *Chapman*, 319 F.3d at 833-34). "Only functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category of state action." *Chapman*, 319 F.3d at 833-34 (internal citations omitted). Under the public function test, "a historical analysis is used to determine whether the private action complained of is an action traditionally exclusively reserved to the state, and the

plaintiffs bear the burden of advancing historical and factual allegations to support this assertion." *Reed*, 2015 WL 4249130, at *3.

Here, Range argues that, pursuant to statute, the MDOC and the Michigan Parole Board – two of the State Defendants in this case – have the exclusive control and authority regarding parole conditions and programs, as well as the authority to discipline parolees and inmates. (Doc. #12 at 17). Range then asserts, in conclusory fashion, that because the MDOC and the Michigan Parole Board "delegated the obligation to provide alcohol and substance abuse therapy program[ming] for parole reentry to [the] CPI Defendants," the CPI Defendants are exercising a traditional state function by providing these services. (*Id.*). Range cites no case law, however, for the proposition that the provision of alcohol and substance abuse counseling to parolees is a function traditionally and exclusively reserved to the state, and the Court is aware of none. Indeed, this court has previously recognized that substance abuse counseling is "an activity that cannot plausibly be deemed an exclusive state function." *Roberts v. Paige*, 2013 WL 5435201, at *6 (E.D. Mich. Sept. 27, 2013). Accordingly, Range has failed to meet his burden of pleading facts sufficient to show that the CPI Defendants are state actors under the public function test.

Range's argument that the CPI Defendants' actions are fairly attributable to the state under the nexus test similarly fails. (Doc. #12 at 17-18). Under this test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged party, so that the acts of the latter may be fairly treated as those of the state itself. *See S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007). Range argues that the nexus test is satisfied because the MDOC contracted with CPI to provide substance abuse counseling at the DRC. (Doc. #12 at 17-18). The law is clear, however, that the mere existence of a government contract, standing alone, does not establish a sufficiently close nexus

to constitute state action. *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 375 (6th Cir. 1991) ("The mere existence of a contract between a governmental agency and a private party is insufficient to create state action."); *Partin v. Davis*, 675 F. App'x 575, 587 (6th Cir. 2017) ("Similarly, the Supreme Court has held that even '[a]cts of … private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.'") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)).

Indeed, courts in this district have routinely and consistently held that CPI's provision of substance abuse counseling to parolees, pursuant to contract with the MDOC, does not amount to state action. *See, e.g., Roberts*, 2013 WL 5435201, at *7 (the fact that "CPI provides substance abuse counseling under contract with the [MDOC] … is insufficient to demonstrate that CPI and its employees are state actors. This is so even if CPI generates a substantial portion, or even all, of its income from such services to the State.") (internal citations omitted); *Gebreneguesse v. Heyns*, 2017 WL 3405169, at *2 (E.D. Mich. Aug. 9, 2017) (adopting magistrate judge's conclusion that plaintiff had failed to establish that CPI engaged in state action under any of the three tests used by the Sixth Circuit); *Blair v. Michigan Dep't of Corr.*, 2012 WL 5511763, at *2 (E.D. Mich. Nov. 14, 2012) ("Even assuming that CPI receives state funding and/or creates an opportunity for probationers to complete a substance abuse program in lieu of prosecution or serving a sentence, this does not necessarily make it a state actor."); *Bagwell v. Community Programs, Inc.*, 2011 WL 1447543, at *1 (E.D. Mich. Apr. 13, 2011) (same).

Here, then, Range has not alleged sufficient facts to establish that the CPI Defendants' actions are so pervasively intertwined with those of the state as to satisfy the nexus test.[5] For all

---

[5] At the October 31, 2017 hearing, counsel for the CPI Defendants brought to the Court's attention *Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp. 2d 683 (E.D. Mich. 2008), a case in which the court found that a faith-based rehabilitation program (Inner City) and its pastor

7

of the reasons set forth above, Range has failed to sufficiently plead state action on the part of the CPI Defendants. As such, his § 1983 claim against them should be dismissed.[6]

---

acted under color of state law and, therefore, were subject to liability under § 1983. *Hanas* is distinguishable from this case on numerous grounds, however. Specifically, and most importantly, unlike CPI in this case, Inner City had actual custody over Hanas. The Sixth Circuit has held that this constitutes state action because operating a prison is traditionally an exclusive state function. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). Here, where CPI did not have custody over Range, but merely provided counseling services to him while he was in MDOC custody, *Hanas* is inapposite and, therefore, does not require a finding that the CPI Defendants were acting under color of state law.

[6] After the CPI Defendants filed their motion to dismiss, Range filed a motion for leave to amend his complaint "to clarify the precise sources of rights he is seeking to enforce in this action and to clarify the basis of his claims." (Doc. #13 at 2). In that motion, Range also seeks to add requests for declaratory and injunctive relief under § 1983 and under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires." However, courts should deny a motion to amend if, *inter alia*, the proposed amendment is futile (i.e., if the amendment could not withstand a Rule 12(b)(6) motion to dismiss). *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Here, the vast majority of the proposed amendments stem from Range's claims against the State Defendants, and this Court has previously recommended that Range's claims against those defendants be dismissed for failure to prosecute. (Doc. #20). For that reason, as to the State Defendants, Range's motion for leave to amend (Doc. #13) will be denied as moot without prejudice. (Doc. #27). Should Judge Tarnow sustain Range's pending objections to the previously issued R&R (Doc. #21), and allow Range to proceed on his claims against the State Defendants, he may file a renewed motion for leave to amend as to those Defendants.

With respect to the CPI Defendants, the proposed amended complaint does nothing to remedy Range's failure to sufficiently allege state action. Rather, Range's new allegations – that the *State Defendants* have the authority to determine which Michigan prisoners are eligible for parole, choose which prisoners are paroled, and designate programs relating to parole and provide for their conditions (Doc. #13-1 at ¶¶ 10-12) – do not establish that the *CPI Defendants* were engaged in state action. At most, Range's proposed amended complaint alleges that CPI and its employees "execute an approved alcohol/substance abuse reentry program" and that, as part of that program, "have been empowered to impose discipline and punishment" on parolees. (*Id.* at ¶¶ 12-13). Where the only "discipline" Range alleges violated his federal constitutional rights is the revocation of his parole, however, and where this action was admittedly taken by the State Defendants (*Id.* at ¶34), Range has still failed to plead facts plausibly alleging state action by the CPI Defendants. Moreover, to the extent Range seeks to amend his complaint to add a RLUIPA claim against the CPI Defendants, such amendment would be futile, as RLUIPA creates no action for damages against individuals or non-governmental entities. *See Lindensmith v. Melissa Jerome*, 2011 WL 6217339, at *4 (E.D. Mich. Oct. 25, 2011). For all of these reasons, as to the CPI Defendants, the Court will deny Range's motion for leave to amend (Doc. #13). (Doc. #27).

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the CPI Defendants' Motion to Dismiss (**Doc. #9**) be **GRANTED**.

Dated: December 6, 2017         s/David R. Grand
Ann Arbor, Michigan             DAVID R. GRAND
                                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 6, 2017.

                                      s/Eddrey O. Butts
                                      EDDREY O. BUTTS
                                      Case Manager