UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE RANGE,

       Plaintiff,

v.

MICHAEL EAGAN, ET AL.,

       Defendants.

_____/

Case No. 17-11245

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [20]; DISMISSING COMPLAINT WITHOUT PREJUDICE AS TO DEFENDANTS SARA FLESHER AND SHERRY UNDERWOOD; ADOPTING REPORT AND RECOMMENDATION [26]; AND GRANTING DEFENDANTS' MOTION TO DISMISS [9]**

On April 20, 2017, Plaintiff Duane Range, a Michigan state prisoner, through an attorney, filed a civil rights complaint [Dkt. 1] against two groups of defendants: 1) CPI, Inc., a private company, as well as CPI employees Scott Montgomery, Matthew Buryta, Greg Konopka, and Kyle Foley ("the CPI Defendants"); and 2) Michael Eagan, the Michigan Parole Board, Heidi Washington, the Michigan Department of Corrections, Sara Flesher, and Sherry Underwood ("the State Defendants"). He claims that Defendants violated his freedom of religion under the First Amendment.

The Magistrate Judge has issued two Reports and Recommendations ("R&R") in this case. The first, issued on November 15, 2017, recommended that the Court dismiss Plaintiff's complaint in part without prejudice for failure to timely effectuate service on the State Defendants [20]. Plaintiff filed an Objection [21] on November 29, 2017.

The Magistrate Judge issued a second R&R [26] on December 6, 2017, recommending that the Court grant the CPI Defendants' Motion to Dismiss [9]. No objections were filed.

For the reasons discussed below, the Court **ADOPTS IN PART** the November 15, 2017 R&R [20]. Plaintiff's Objection [21] is **SUSTAINED IN PART and OVERRULED IN PART**. The Court will also **ADOPT** the December 6, 2017 R&R [26]. The CPI Defendants' Motion to Dismiss [9] is **GRANTED**.

## FACTUAL BACKGROUND

The Magistrate Judge summarized Plaintiff's factual allegations as follows:

> Range is an inmate of the Michigan Department of Corrections ("MDOC"), and is currently housed at the G. Robert Cotton Correctional Facility in Jackson, Michigan. In his civil rights complaint, brought pursuant to 42 U.S.C. § 1983, Range alleges that, while at the Detroit Reentry Center ("DRC"), as a condition of his parole, he was wrongfully forced by the Michigan Parole Board to participate in a religiously-based substance abuse program operated by CPI, a private company, and its employees, Scott Montgomery, John Buryta, Greg Konopka, and Kyle Foley. (Doc. #1 at ¶¶ 4-5).

> More specifically, Range alleges that Montgomery, Buryta, and Konopka "demanded that [he] read, memorize and repeat religious doctrine that is contrary to [his] religious beliefs as a Jehovah's Witness." (*Id.* at ¶ 5). According to Range, when he "stated his religious objections to the doctrines espoused" by the defendants, "he was told that his religious beliefs did not matter and that he had to abide by the requirements of the program …." (*Id.* at ¶ 6). Indeed, Range alleges he was ordered to "adopt the religious position espoused by CPI, Inc. or be punished." (*Id.*). Range further claims that Montgomery and Buryta wrongfully accused him of trying to stir up dissension among fellow parolees, and forced him to sign a document stating that he would memorize the "false religious statements" for repetition. (*Id.* at ¶ 7).
>
> Range alleges that he verbally resigned from the program and subsequently presented a written letter of resignation. (*Id.* at ¶ 11). According to Range, the State Defendants found that his "objections to the program's religious indoctrination constituted misconduct, and ruled that the failure to complete the CPI program constituted a parole violation." (*Id.* at ¶ 13). Range alleges that, as a result of the defendants' actions, he has "suffered various harms, including an unjustified finding of parole violation, 18 extra months of imprisonment, and unjustified infringement on his religious beliefs." (*Id.* at ¶ 25). Range seeks millions of dollars in damages. (*Id.* at ¶ 26).

(Dkt. 26 at 2-3).

## LEGAL STANDARD

When reviewing a magistrate judge's report and recommendation, the Court makes "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Generalized objections to the R&R have "the same effect [ ] as would a failure to object." *Howard v. Sec'y of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. Appx. 354, 356 (6th Cir. 2001) ("The filing of

vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to complete failure to object.").

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(m), if service is not effectuated on a defendant within 90 days of filing the complaint, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). It is Plaintiff's responsibility to establish good cause, which "necessitates a demonstration of why service was not made within the time constraints of Fed. R. Civ. P. 4(j)." *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994).

On October 26, 2017, the Magistrate Judge entered an Order to Show Cause [18] directing Plaintiff to explain why this matter should not be dismissed without prejudice as against the State Defendants because of his failure to timely effectuate service. Because Plaintiff did not respond to the show cause order, the Magistrate Judge issued an R&R [20] recommending that Plaintiff's complaint be dismissed without prejudice as against the State Defendants. Plaintiff objected to the R&R on the grounds that he had successfully served the Michigan Department of Corrections, the Michigan Parole Board, Heidi Washington, and Michael Eagan.

At this time, Sara Flesher and Sherry Underwood, employees of the Michigan Parole Board, are the only two defendants who have not yet been served. Plaintiff submits that they "have been reassigned and moved around to different facilities," making service of process unsuccessful. He also maintains that "some Defendants have made themselves unavailable for service of process, taking actions that appear to be intentional evading of process."

Defendants Eagan, Washington, the Michigan Department of Corrections, and the Michigan Parole Board have been served and will not be dismissed from this action at this time. Accordingly, the Court declines to adopt that portion of the R&R.

The Court will, however, adopt the R&R insofar as it recommends dismissal without prejudice as against Defendants Flesher and Underwood. The record reflects Plaintiff's counsel's lack of diligence in attempting to effect service and/or to explain his failure to serve within the time period, despite ample notice from both the CPI Defendants and the Magistrate Judge. Counsel provides neither context nor detail about his conclusions that "some Defendants" are evading service, nor does he provide any information about his efforts to ensure that Defendants are properly served. The Court is persuaded that Plaintiff has failed to make a showing of good cause to justify the failure to effect timely service.

Accordingly,

**IT IS ORDERED** that the November 15, 2017 R&R [20] is **ADOPTED IN PART**. Plaintiff's complaint as to Defendants Sara Flesher and Sherry Underwood is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Objection [21] is **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that the December 6, 2017 R&R [26] is **ADOPTED** and entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that the CPI Defendants' Motion to Dismiss [9] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 17, 2018