UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE RANGE,

      Plaintiff,                             Civil Action No. 17-11245
                                             Honorable Arthur J. Tarnow
v.                                            Magistrate Judge David R. Grand

MICHAEL EAGEN, *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [45]**

On April 20, 2017, Plaintiff Duane Range ("Range") filed a civil rights complaint against, in relevant part, Michael Eagen, the Michigan Parole Board, Heidi Washington, and the Michigan Department of Corrections. (Doc. #1). On May 31, 2018, Defendants Eagen and Washington ("Defendants") filed a motion for summary judgment, arguing that Range's claims against them should be dismissed because he failed to exhaust his administrative remedies. (Doc. #45). Range filed a response to this motion on June 26, 2018 (Doc. #47), and Defendants filed a reply on July 3, 2018 (Doc. #48).

An Order of Reference was entered on August 24, 2017, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #11). After reviewing the parties' briefs, the Court finds that a hearing would not aid in the determination of this motion. Accordingly, the Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (**Doc. #45**) be **GRANTED**.

**II.   REPORT**

At the time Range filed his civil rights complaint in this action, on April 20, 2017, he was incarcerated by the Michigan Department of Corrections ("MDOC") and housed at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan.  (Doc. #45 at Ex. A).  In his complaint, Range alleges that, as a condition of his parole, he was wrongfully forced by the Michigan Parole Board to participate in a religiously-based substance abuse program.  (Doc. #1 at ¶¶ 4-5).  There is no dispute that as of the time Range initiated this action by filing his original complaint, he had not filed a grievance with the MDOC about this issue.

Subsequently, Range was discharged from MDOC custody on February 2, 2018.  (Doc. #45 at Ex. B).  Thereafter, on February 8, 2018, Range filed a first amended complaint, and a second amended complaint on April 13, 2018.  (Docs. #34, 38).

Defendants Eagen and Washington now move for summary judgment, arguing that Range's claims against them should be dismissed pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because, at the time Range initiated this action, he was incarcerated and had not filed (or exhausted) any administrative grievances regarding the claims set forth in his complaint.  (Doc. #45).  For the reasons set forth below, the Court agrees.

The PLRA requires a prisoner to exhaust the administrative remedies available to him. Specifically, the PLRA's exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary

program." 42 U.S.C. § 1997e(h).  In determining whether a plaintiff is a prisoner, and therefore whether the PLRA requires exhaustion of administrative remedies, courts consider the plaintiff's status at the time he files the complaint.  *See Siler v. Baldwin*, 2011 WL 6371012, at *3 (E.D. Mich. Dec. 20, 2011); *see also Mabry v. Freeman*, 489 F. Supp. 2d 782, 785 (E.D. Mich. 2007) ("[T]he PLRA clearly and unambiguously limits the application of the exhaustion requirements to plaintiffs who are confined, incarcerated or detained in prison for criminal violations *at the time the suit is filed*.") (emphasis added).

In this case, Defendants provide uncontested evidence that, at the time Range initiated this action, on April 20, 2017, he was housed in MDOC custody at JCF.  (Doc. #45 at Ex. A). Defendants argue, then, that where Range was a prisoner at the time he filed his complaint, and where it is undisputed that he did not file (or exhaust) any administrative grievances against them regarding the events at issue in this matter, dismissal of his claims against them is appropriate. Range does not dispute that he was a prisoner at the time he initiated this action, nor does he argue that he ever utilized the MDOC's grievance process.  Instead, he claims that dismissal of his claims is inappropriate for two other reasons, each of which is addressed below.

First, Range points to an October 17, 2016 letter from his attorney to Defendants, arguing that this letter put Defendants on notice of his claims against them.  (Doc. #47 at ¶¶ 2, 5, 6).  But, the Supreme Court has held that the "exhaustion requirement requires proper exhaustion" – which means "compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).  In Michigan's correctional facilities, prisoner grievances are governed by MDOC Policy Directive 03.02.130, entitled "Prisoner/Parolee Grievances" (the "Policy").[1]  A prisoner must first complete the process outlined in the Policy –

---

[1] *See* https://www.michigan.gov/documents/corrections/03_02_130_200872_7.pdf (last accessed

3

including pursuing a grievance through "all three steps of the grievance process" – before he can file a lawsuit challenging the alleged unlawful conduct. (*Id.* at ¶ B). Given the Policy's express requirements, both the Sixth Circuit and this Court have held that letters – such as the one sent by Range's attorney in this case – are insufficient to exhaust a prisoner's administrative remedies. *See, e.g., Shephard v. Wilkinson*, 27 F. App'x 526, 527 (6th Cir. 2001) ("… a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims.") (citing *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999)); *Dean v. Prison Health Servs.*, 2011 WL 1630114, at *9 (E.D. Mich. Mar. 28, 2011) (prisoner's letter was "not a step contemplated by the Policy"). Thus, Range's argument to the contrary is without merit.

Range also argues that because he filed both his first amended complaint and second amended complaint *after* he was discharged from MDOC custody on February 2, 2018, he was not a prisoner within the meaning of the PLRA at the time of the filing of those pleadings and, thus, exhaustion is not required. (Doc. #47 at ¶¶ 1, 8). Both the Sixth Circuit and this Court have rejected such an argument, however, because, as noted above, the PLRA's exhaustion provision requires exhaustion *prior to the commencement* of an action. *See* 42 U.S.C. § 1997e(a) ("No **action shall be brought** . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") (emphasis added); *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) (holding that if a plaintiff is a prisoner when he files suit, the PLRA's exhaustion requirement applies to him, regardless of his status as a prisoner for the remainder of the case); *Siler*, 2011 WL 6371012, at *3-4 (rejecting plaintiff's argument that "his filing of a Second Amended Complaint after being released from prison

---

July 24, 2018).

renders the PLRA's exhaustion requirement inapplicable to his suit" and affirming that it is the "date on which Plaintiff filed his suit, that is, the date of the original pleading, [that] is the critical date in determining whether the PLRA's exhaustion requirement applies.").

The Court recognizes that application of this principle, and dismissal of Range's claims in the instant case, is, in a way, contrary to the principles of judicial economy; the dismissal of Range's case will be without prejudice, such that he can simply re-file it if he so chooses. On the other hand, to rule in Range's favor would be to countenance the commencement of an action in clear violation of the PLRA, an outcome that also is not satisfactory, and which could lead future prisoners who anticipate being released in the near term to simply ignore the prison system's exhaustion requirements. *See Cox*, 332 F.3d at 427 (observing that excusing the "duty to exhaust in every instance would encourage all prisoners nearing completion of their sentences to eschew the grievance process in favor of the courts.").

In sum, before commencing this action, Range was required to have properly exhausted his administrative remedies, as required by the PLRA. Because he did not do so, Defendants' motion for summary judgment should be granted, and Range's claims against them should be dismissed without prejudice.

### III.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (**Doc. #45**) be **GRANTED** and Range's claims against Defendants Eagen and Washington be **DISMISSED WITHOUT PREJUDICE**.

5

Dated: July 24, 2018  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2018.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager