UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE RANGE,

        Plaintiff,

v.

MICHAEL EAGAN, *et al.*,

        Defendants.

_____/

Civil Action No. 17-11245
Honorable Arthur J. Tarnow
Magistrate Judge David R. Grand

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [53]**

On April 20, 2017, Plaintiff Duane Range ("Range") filed a civil rights complaint against, in relevant part, the Michigan Parole Board and the Michigan Department of Corrections (collectively the "State Defendants").[1]  (Doc. #1).  On November 30, 2018, the State Defendants filed a motion for summary judgment, arguing that Range's claims against them should be dismissed on both immunity and exhaustion grounds.  (Doc. #53). When Range, represented by counsel, failed to timely respond to this motion, the Court issued an order requiring him to show cause, in writing, on or before January 11, 2019, why it should not recommend that the State Defendants' motion be granted.  (Doc. #54). Range did not respond to the Order to Show Cause, and the time for doing so has now passed.

---

[1] Range's complaint also named as defendants Michael Eagan, Heidi Washington, CPI, Inc., Scott Montgomery, Matthew Buryta, John Knapka, Kyle Foley, Sarah Flesher, and Sherry Underwood. (Doc. #1).  However, all of these individuals/entities have been dismissed by prior orders of the Court.  (Docs. #26, #31, #49, #50).

An Order of Reference was entered on August 24, 2017, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b).  (Doc. #11).  Pursuant to E.D. Mich. L.R. 7.1(f), the Court dispenses with oral argument.

I.      REPORT

    A.      Background

At the time Range filed his civil rights complaint in this action, on April 20, 2017, he was incarcerated by the Michigan Department of Corrections ("MDOC") and housed at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan.  (Doc. #53 at Ex. A).  In his complaint, Range alleges that, as a condition of his parole, he was wrongfully forced by the Michigan Parole Board to participate in a religiously-based substance abuse program.  (Doc. #1 at ¶¶ 4-5).  There is no dispute that as of the time Range initiated this action by filing his original complaint, he had not filed a grievance with the MDOC about this issue.  Subsequently, Range was discharged from MDOC custody on February 2, 2018. (Doc. #53 at Ex. B).  Thereafter, Range filed a first amended complaint (on February 8, 2018) and a second amended complaint (on April 13, 2018).  (Docs. #34, #38).

The State Defendants now move to dismiss, arguing that Range's claims against them are barred by the doctrine of Eleventh Amendment immunity.  (Doc. #53 at 8-10). The State Defendants also argue that summary judgment is warranted, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because, at the time Range initiated this action, he was incarcerated and had not filed (or exhausted) any administrative grievances regarding the claims set forth in his complaint.  (*Id.* at 11-13).  For the reasons set forth below, the Court finds merit to both arguments.

### B.    Standard of Review

A motion to dismiss[2] pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material

---

[2] Though the instant motion is captioned as a motion for summary judgment, it also argues that dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate.

fact exists, the Court assumes the truth of the non-moving party's evidence and construes

all reasonable inferences from that evidence in the light most favorable to the non-moving

party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

**C.     Analysis**

*1.     Range's Claims Against the State Defendants are
Barred by the Doctrine of Eleventh Amendment Immunity*

In his complaint, Range brings suit against the State Defendants under § 1983,

arguing that they violated his First Amendment rights when they forced him to participate

in a religiously-based substance abuse program.   (Docs. #1, #34, #38).   The State

Defendants argue that Range's claims against them fail as a matter of law because both the

Michigan Parole Board and the MDOC have Eleventh Amendment immunity against §

1983 claims brought in federal court.  (Doc. #53 at 8-10).

The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to
> extend to any suit in law or equity, commenced or prosecuted against
> one of the United States by Citizens of another State, or by Citizens
> or Subjects of any Foreign State.

U.S. Const. amend. XI.   The Supreme Court has held that the Eleventh Amendment

proscribes suits against the state by its own citizens, as well as by citizens of another state.

*See Emps. of Dept. of Pub. Health & Welfare, Mo. v. Dept. of Pub. Health & Welfare, Mo.*

411 U.S. 279, 280 (1973).   Furthermore, the Sixth Circuit has specifically held that both

the MDOC and the Michigan Parole Board are entitled to Eleventh Amendment immunity

from § 1983 claims.   *See McCoy v. Michigan*, 369 F. App'x. 646, 653 (6th Cir. 2010)

("Because sovereign immunity extends to state instrumentalities, and the MDOC is an arm

4

of the State of Michigan, the MDOC is entitled to sovereign immunity on the § 1983 claim

as well ….") (internal citations and quotations omitted); *Lee v. Michigan Parole Bd.*, 104

F. App'x 490, 492 (6th Cir. 2004) (plaintiff's civil rights claim against the Michigan Parole

Board, brought pursuant to § 1983, was "barred by the Eleventh Amendment").  For these

reasons, Range's claims against the State Defendants are barred by Eleventh Amendment

immunity and should be dismissed.

> 2.      *Range Failed to Comply with the PLRA's Exhaustion Requirements*

The State Defendants also argue that summary judgment is appropriate because

Range failed to exhaust his administrative remedies, as required by the PLRA.  The

PLRA's exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42
> U.S.C. § 1983], or any other Federal law, by a prisoner confined in
> any jail, prison, or other correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  A prisoner is defined as "any person incarcerated or detained in any

facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

violations of criminal law or the terms and conditions of parole, probation, pretrial release,

or diversionary program."  42 U.S.C. § 1997e(h).  In determining whether a plaintiff is a

prisoner, and therefore whether the PLRA requires exhaustion of administrative remedies,

courts consider the plaintiff's status at the time he files the complaint.  *See Siler v. Baldwin*,

No. 08-15077, 2011 WL 6371012, at *3 (E.D. Mich. Dec. 20, 2011); *see also Mabry v.*

*Freeman*, 489 F. Supp. 2d 782, 785 (E.D. Mich. 2007) ("[T]he PLRA clearly and

unambiguously limits the application of the exhaustion requirements to plaintiffs who are

confined, incarcerated or detained in prison for criminal violations *at the time the suit is filed*.") (emphasis added).

In this case, the State Defendants provide uncontested evidence that, at the time Range initiated this action, on April 20, 2017, he was housed in MDOC custody at JCF. (Doc. #53 at Ex. A). The State Defendants argue, then, that where Range was a prisoner at the time he filed his complaint, and where it is undisputed that he did not file (or exhaust) any administrative grievances against them regarding the events at issue in this matter, dismissal of his claims against them is appropriate. As the Court previously explained, this is a correct recitation of the law.[3] Range does not dispute that he was a prisoner at the time he initiated this action, nor does he argue that he ever utilized the MDOC's grievance process. Indeed, in failing to respond to both the State Defendants' dispositive motion, and this Court's Order to Show Cause, Range has articulated no facts whatsoever suggesting that dismissal for failure to exhaust is inappropriate. Thus, summary judgment is warranted on this basis.

---

[3] In response to a motion for summary judgment previously filed in this case by Defendants Michael Eagan and Heidi Washington on the exhaustion issue, Range argued that dismissal for failure to exhaust was inappropriate for two reasons. (Doc. #47). Specifically, Range argued that an October 17, 2016, letter from his attorney to the Defendants put them on notice of his claims against them, thus satisfying the underlying purpose of a grievance. (*Id.* at ¶¶ 2, 5, 6). Range also argued that because he filed both his first amended complaint and second amended complaint *after* he was discharged from MDOC custody on February 2, 2018, he was not a prisoner within the meaning of the PLRA at the time of the filing of those pleadings and, thus, exhaustion was not required. (*Id.* at ¶¶ 1, 8). This Court considered and rejected both of these arguments in its prior Report and Recommendation (*see* Doc. #49 at 2-6), and it hereby incorporates that analysis by reference.

## II.    RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the State Defendants' Motion for Summary Judgment (**Doc. #53**) be **GRANTED** and Range's claims against the Michigan Parole Board and the MDOC be **DISMISSED**.


Dated: January 16, 2019                              s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                     United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue

presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager